**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-60170-AUGUSTIN-BIRCH**

**PRIMERICA LIFE INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**ALICE WILSON and**
**XIOMARISE MALLOY-LAWRENCE,**

**Defendants.**
**__________________________________________/**

**ORDER DENYING DEFENDANT ALICE WILSON'S**
**MOTION TO REOPEN THE EVIDENTIARY RECORD**

This cause comes before the Court upon Defendant Alice Wilson's Motion to Reopen the Evidentiary Record. DE 61. The Court held a bench trial in this case on September 22, 2026, upon completion of which the trial record closed. Defendant Wilson now asks to reopen the trial record to admit as exhibits documents that she did not admit during the trial. Defendant Xiomarise Malloy-Lawrence did not respond to the Motion. The Court has thoroughly reviewed the Motion and the record and is fully advised in the premises.

Whether to reopen the record "is left to the sound discretion of the trial court." *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1302 (11th Cir. 2018) (quotation marks omitted). The Court declines to reopen the trial record here, where Defendant Wilson had ample opportunity to present her evidence, including any exhibits, during the trial. *Cf. Berenguela-Alvarado v. Castanos*, 820 F. App'x 870, 874 (11th Cir. 2020) ("Castanos had ample opportunity to present evidence of his affirmative defenses during the original proceedings—indeed, he called six witnesses to testify on

his behalf at an evidentiary hearing. The district court, therefore, acted well within its sound discretion in denying his request to reopen the record[.]" (quotation marks omitted)).

During the trial, Defendant Wilson, proceeding *pro se*, attempted to introduce exhibits during her opening argument. Tr. at 15.[1] The Court advised her that she could move to admit her exhibits when either she or another witness testified and that she should be prepared to identify the exhibits she sought to admit by number. *Id.* at 15 ("So, Ms. Wilson, you can move to admit those exhibits either when you testify or another witness testifies. . . . And just make sure that when you're ready to do that, look at your exhibit list and make sure you tell me the number that you listed on the exhibit list that you filed."); *id.* at 16 ("You have to specifically let me know which exhibit you're moving into evidence when we start with the witnesses."). Following the opening statements, the Court again informed the parties that they could move for any of their exhibits to be entered into evidence. *Id.* at 18 ("Both of you have filed exhibit lists, so if you want to move any exhibits into evidence, you have to let me know which exhibit and the number.").

After Defendant Wilson had testified as a witness, the Court announced that it would be taking a fifteen-minute break in the trial. *Id.* at 49. The Court informed Defendant Wilson that, following the break, she would need to tell the Court whether she had any additional witnesses or any exhibits to introduce into evidence. *Id.* ("[Y]ou need to let me know when we come back about your next witness and also if you have any exhibits that you need to introduce into evidence, that would be the appropriate time."). The Court told Defendant Wilson that, if she did not have additional witnesses, she would be resting her case, and "resting . . . means that you are not going to be able to come back and add any additional witnesses or evidence." *Id.* The Court advised Defendant Wilson to use the break "to figure out what your next step will be." *Id.*

[1] "Tr." refers to the trial transcript at docket entry 73.

Following the break, the Court told Defendant Wilson that "this is . . . your last opportunity to introduce any exhibits or witnesses. And once you rest and then Ms. Malloy-Lawrence begins with her portion of the case, you will not be able to come back and add anything else." *Id.* at 51. Defendant Wilson then proceeded to move to admit three documents (Exhibits D-4, D-7, and D-10) into evidence. *Id.* at 51–54. The Court admitted each of the three exhibits without objection. *Id.* at 52–54. The Court then asked Defendant Wilson whether that was all of her exhibits, and she responded, "Yes, Your Honor." *Id.* at 54. The Court asked her whether she had any other witnesses, and she responded, "No, Your Honor." *Id.* The Court asked her whether she was resting her case, and she responded, "Yes, Your Honor." *Id.*

True, Defendant Wilson was proceeding *pro se* and may have little experience participating in court proceedings. But the Court carefully explained to her during the trial that she would need to move for her exhibits to be entered into evidence. The Court gave her time during a break to determine which exhibits she wished to admit. Defendant Wilson chose to admit three exhibits. The Court also carefully explained to her that, when she rested her case, she would not be able to introduce additional exhibits or call additional witnesses. Knowing this, Defendant Wilson rested her case.

Defendant Wilson asserts in the Motion that she did not realize she needed to move to admit the exhibits she had listed on the exhibit list and filed along with that list in advance of the trial. The record belies that assertion. Again, the Court repeatedly explained to her that she would need to move for exhibits on her list to be entered into evidence. Defendant Wilson did move for three of the listed exhibits to be entered into evidence, contradicting her assertion that she did not believe that the exhibits on her list needed to be entered.

Under these circumstances, the Court will not reopen the trial record to permit Defendant Wilson to introduce additional exhibits that she was given ample opportunity to—but chose not to—admit during the trial. Defendant Wilson's Motion to Reopen the Evidentiary Record [DE 61] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 27th day of October, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE